**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | CR 07-411 PHX DGC |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| Julia Margarite Fonteneaux, ) | |
| Defendant. ) | |

Defendant Julia Margarite Fonteneaux has been charged by indictment with violation of 18 U.S.C. § 1591(a), Child Sex Trafficking, and 18 U.S.C. § 2423(a) and (e), Interstate Transportation of a Minor for Prostitution. The indictment alleges that Defendant and two co-defendants transported two minors, ages 15 and 16, across state lines for purposes of engaging in prostitution. Defendant was arrested in the Central District of California on April 13, 2007.

On April 26, 2007, United States Magistrate Judge Stephen J. Hillman ordered that Defendant be released subject to home confinement at her father's residence, electronic monitoring, surrender of her passport, a $100,000 appearance bond, a $5,000 cash bond, and additional conditions. At the Government's request, Judge Hillman stayed his order until the close of business on April 30, 2007. This Court subsequently stayed Defendant's release on three occasions to permit the parties to brief the appeal. Dkt. ##8, 11, 12. The parties have filed memoranda setting forth their respective positions. Dkt. ##6, 7, 9, 10, 13. The Court

1  has reviewed the memoranda and listened to the recording of both hearing sessions before
2  Judge Hillman.

3  The Government and Defendant proceed by proffer in their memoranda. Courts "have
4  uniformly made it clear that the [parties] may proceed by proffer at a detention hearing under
5  the Bail Reform Act of 1984." *United States v. Cabrera-Ortigoza*, 196 F.R.D. 571, 574
6  (S.D. Cal. 2000) (collecting authorities). Except as noted below, Defendant does not
7  challenge the information proffered by the Government. Neither side has requested an
8  additional hearing.

9  **I.    Legal Standards.**

10 This Court's review of Judge Hillman's detention decision is *de novo*. *See United*
11 *States v. Koenig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990). The Court must "review the
12 evidence before the magistrate" and any additional evidence proffered by the parties "and
13 make its own independent determination whether the magistrate's findings are correct, with
14 no deference." *Id.* at 1193. Under the Bail Reform Act of 1984 (the "Act"), Defendant must
15 be detained if the Court finds that no condition or combination of conditions will reasonably
16 assure her appearance at trial or the safety of the community. 18 U.S.C. § 3142(e).

17 The Government contends that Defendant Fonteneaux should be detained as both a
18 flight risk and a danger to the community. The Government must prove that Defendant is
19 a flight risk by a preponderance of the evidence. *See United States v. Motamedi*, 767 F.2d
20 1403, 1406 (9th Cir. 1985). It must prove she is a danger to the community by clear and
21 convincing evidence. 18 U.S.C. § 3142(f).

22 The Act establishes a rebuttable presumption of detention in this case. The
23 presumption arises from Defendant having been charged with child sex trafficking in
24 violation of 18 U.S.C. § 1591(a) and interstate transportation of a minor for prostitution in
25 violation of 18 U.S.C. § 2423(a) and (e). 18 U.S.C. § 3142(e). The statutory presumption
26 imposes a burden of production on Defendant, but the burden of persuasion remains with the
27 Government. *See United States v. Mercedes*, 254 F.3d 433, 435-36 (2d Cir. 2001). Even if
28 Defendant produces rebuttal evidence, however, the presumption remains a factor to be

1 weighed in conducting the detention analysis. *Id. See also, United States v. Ward*, 63 F.
2 Supp. 2d 1203, 1209 (C.D. Cal. 1999).

## II.   Flight Risk.

The Act identifies several factors to be considered in determining whether a person presents a flight risk. These include the nature and circumstances of the offense, the weight of the evidence, and the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, drug or alcohol abuse, criminal history, and appearance at prior court proceedings. 18 U.S.C. § 3142(g)(1)-(3).

The Government has proffered the following information: Defendant Fonteneaux has numerous arrests for prostitution and no known lawful employment. She regularly resides in hotel rooms which are often arranged and paid for by third parties. At the time of her arrest, she was staying in a hotel room registered to a third party. Defendant works as a prostitute in San Diego, Orange County, Los Angeles County, and Phoenix.

Since 2004, Defendant has been charged with offenses in San Diego, Santa Ana, Los Angeles, Fullerton, Redwood City, Anaheim, Hollywood, Yuma, Gila Bend, and Phoenix. She has at least three misdemeanor convictions for prostitution. Defendant has failed to appear for court dates in San Diego, Redwood City, and Santa Ana, including a misdemeanor conviction for failure to appear in 2007.

Defendant has numerous outstanding arrest warrants. A warrant for felony drug possession in Yuma County was converted from "active" to "cleared" when Defendant was taken into custody, but the charge remains pending. Warrants also are pending in Gila Bend for failure to appear and traffic violations, Phoenix for prostitution, Los Angeles for prostitution, Redwood City for prostitution and possession of deceptive government identification, and Santa Anna for prostitution and failure to appear. Defendant currently is on probation in at least three cases from different jurisdictions.

Defendant asserts that she has held a lease on an apartment in San Diego County for six months. The lease commenced in November of 2006 and expires this month.

1   Defendant's father visited her on various occasions at the apartment, as did her brother.
2   While Defendant admits staying at various hotels on occasions when she found herself more
3   than 45 minutes from her apartment at night, her primary residence was her apartment.

4   Defendant's father is willing to take personal custody of Defendant and post a $5,000
5   cash bond and $100,000 non-secured bond.  Defendant is close to her family and maintains
6   weekly contact with them.  Defendant is willing to be subject to electronic monitoring and
7   home confinement at her father's home, and her father is willing to accompany her to all
8   court appearances in Arizona.

9   Even if Defendant's proffer can be viewed as rebutting the presumption of detention
10  in this case, the Government has satisfied its burden of proving by a preponderance of the
11  evidence that Defendant is a flight risk.  Although Defendant has held a lease on an
12  apartment for six months, she does not deny frequently residing in hotels.  Her criminal
13  history reflects a transient lifestyle with prostitution and related convictions in a wide variety
14  of cities throughout Southern California and Arizona.  Defendant has no legitimate
15  employment and has not had a stable residence for more than six months.

16  The Court recognizes the commendable desire of Defendant's father to take custody
17  of her and post an unsecured bond, but the Court cannot conclude by a preponderance of the
18  evidence that these actions by her father would secure her appearance in court.  Defendant
19  has been out of her father's home for approximately four years.  Despite the apparent concern
20  of her father, she has lived a transient lifestyle with several prostitution convictions in several
21  cities.  More importantly, Defendant consistently fails to appear for court proceedings.
22  Several warrants for her arrest have been issued on the basis of her failure to appear.  Given
23  her track record, the Court cannot conclude that the earnest desire of her father to comply
24  with her court requirements will result in Defendant doing so.

25  Defendant faces serious penalties in this case.  Count 1 presents a penalty of up to 40
26  years in prison, with Count 2 presenting a penalty of not less than five to 30 years.  Dkt. #10.
27  This prospect of significant incarceration provides Defendant with a greater incentive to flee
28

1 than she has possessed in other misdemeanor cases where she has refused to appear at court
2 proceedings.

3 The Court concludes that an unsecured $100,000 cash bond is not sufficient to assure
4 Defendant's appearance. Her proffered close ties to her family might cause her to pause
5 before imposing such a financial burden on her father, but her past behavior suggests that she
6 has not taken his interests into account when charting her life's course.

7 The Court finds by a preponderance of the evidence that no condition or combination
8 of conditions will reasonably assure the appearance of Defendant at trial. The Court will
9 therefore detain Defendant as a flight risk pending trial. 18 U.S.C. § 3142(e).

10 **III.    Danger to the Community.**

11 The Government also contends that Defendant poses a danger to the community. It
12 asserts that in April, 2006, Defendants arranged for the two minor victims to travel to San
13 Diego to engage in prostitution. The Government asserts that Defendant created
14 advertisements offering the sexual services of the victims and served as a mentor to them,
15 introducing them to the prostitution trade. The Government asserts that Defendant
16 coordinated "dates" for the victims, collected money earned by one of the victims, and turned
17 the money over to a co-defendant. Later in April, the Government contends that Defendant
18 transported the victims back to Arizona for the purpose of engaging in prostitution in
19 Phoenix. While in Phoenix, Defendant allegedly created new advertisements for the victims
20 and arranged for their "dates" and lodging. Based on these facts, the Government asserts that
21 Defendant poses a threat to other minor victims if she is released pending trial.

22 Although the allegations of the Government are serious, the Government has proffered
23 nothing more than allegations and the indictment in their support. The Government has not
24 provided the Court with evidence to support Defendant's guilt, nor has the Government
25 identified other instances where Defendant preyed on minor victims. Although the Court
26 would agree with the Government if the standard were a preponderance of the evidence, the
27 Government has not made the higher showing of clear and convincing evidence that
28 Defendant would be a danger to the community.

**IT IS ORDERED:**

1. The Government's Appeal of Release Order/Motion to Review Release Conditions (Dkt. #9) is **granted**.

2. Defendant Julia Margarite Fonteneaux will be **detained** pending trial as a flight risk.

DATED this 14th day of May, 2007.

David G. Campbell
United States District Judge